AMERICAN COLONIAL BANK, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

### APPEAL from a Decision of the Registrar of Property Refusing to Record an Agricultural Loan Contract.

No. 439.—Decided January 22, 1920.

RECORD OF TITLE—APPEAL—INTERRUPTION.—When an instrument is presented in the registry and record thereof is denied, presentation of the same instrument, accompanied by documents that tend to cure the defects assigned, within the twenty days allowed by law for appealing from the decision of the registrar, has the effect of interrupting that period, which, in the event that the registrar ratifies his former decision, shall begin to run from the time that notice is given of the new decision.

ID.—CONJUGAL PARTNERSHIP PROPERTY—PERSONAL OBLIGATIONS—CONSENT.—Personal obligations contracted by the husband do not constitute a lien on the property of the conjugal partnership; therefore the express consent of the wife is not necessary in order that the husband may contract such obligations.

The facts are stated in the opinion.

*Mr. Rafael Arce* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public instrument of July 24, 1919, the American Colonial Bank of Porto Rico and the partnership of Ramírez & González, composed of Cándido Ramírez Muñoz and Ramón González Nieves, the former being married to María Morell Santana and the latter a widower, entered into a

contract whereby the bank agreed to give a credit to the said partnership of $3,500, secured by a lien on 100 acres of sugar cane growing on a part of a rural property called San José of an area of 150 acres, or 61 hectares, 19 ares and 68 centares, of land in the ward of Quebrada, San Lorenzo, which Ramírez & González held by lease for a term of five years under a contract with the spouses Sebastián Aponte and Carmen López beginning on the 1st of August, 1916, the contract having been made on July 24 of the same year.

This contract having been presented in the Registry of Property of Caguas for record in the Registry of Agricultural Contracts, the registrar refused to record it by his decision of September 12, 1919, as follows:

"Record of the foregoing document—deed No. 101 executed in Caguas on July 24, 1919, before notary Rafael Arce Rollet—is hereby denied and a cautionary notice is entered in lieu thereof for 120 days in favor of the partnership of Ramírez & González for the following reasons: 1st. Because the said partnership has not shown that it is a lessee nor the extent of the right of lease which it has in the property referred to in the loan contract and these facts are necessary for the classification of the said title and its record in the registry. And although for that purpose deed No. 142 executed in the same city and before the same notary on July 24, 1916, was exhibited, that deed is null and void because the notary does not certify to all its contents but only to his acquaintance with the parties and their personal circumstances, a defect which renders the signatures of the parties and of the witnesses of no legal value and produces the nullity of the instrument. 24 P. R. R. 891; Secs. 17 and 20 of the Notarial Law. 2nd. Because, it appearing from the seventh clause of the said document that Ramírez Muñoz and González Nieves bind themselves jointly and severally as debtors of the said bank in order that it may assert its rights to the amount of $3,500 and interest against their properties or the property of any one of them, that lien binds for a consideration the properties which the conjugal partnership composed of the said Ramírez Muñoz and his wife, María Morell Santana, has or may have, without the express consent of the wife, inasmuch as her consent does not appear from the document presented; therefore the said contract is null and void according to law. Sections 159 and 1328 of the Civil Code."

On the same day the registrar made the following additional note to the decision quoted:

"It is hereby stated that the entry to which the foregoing decision refers is made, with the curable defect that in the said document there appears a mistake in the area of the property according to the metric system, for a calculation having been made in this office, the result was 58 hectares, 95 ares and 58 centares."

Both the original decision and the additional note were communicated to the presenter of the document on September 18, 1919, and five days after, or on September 23, the bank again presented in the registry the same contract of July 24, 1919, accompanied by a copy of the deed of lease executed on July 24, 1916, by Sebastián Aponte and his wife to Ramón González Nieves and Cándido Ramírez Muñoz, and a copy of the articles of partnership of González Nieves and Ramírez Muñoz under the name of Ramírez & González. These documents were attached to a petition to the registrar containing the following:

"I. Please correct your error in stating in the decision refusing to record the agricultural loan contract under letter (*c*) that 'a cautionary notice is entered in lieu thereof for 120 days in favor of the partnership of Ramírez & González,' for that notice should have been entered in favor of the bank to be of legal effect against the partnership.

"II. Please convert into a final record the cautionary notice entered with reference to the said agricultural loan contract, inasmuch as the articles of partnership marked letter (*b*) are herewith submitted to your consideration, for that document satisfactorily cures the defect pointed out by you in the loan contract of failure to prove the character of lessee or the extent of the right of lease which the said partnership holds in the property which is the object of the loan contract."

The registrar refused the petition of the bank by a decision of October 8, 1919, which was communicated to it on the same day. It reads as follows:

"The conversion of the cautionary notice to which the foregoing

decision refers, and which is asked for by virtue of deed No. 192 executed on October 2, 1916, before notary Rafael Arce Rollet, and of a petition of the latter as attorney of the bank, is hereby refused because the said deed only cures the first defect assigned in the decision, and the second defect therein pointed out remains in effect, for regarding it no new document has been presented, the said attorney only setting up in the petition new opinions and reasonings which are not sufficient to modify the decision as to the second defect mentioned; and no cautionary notice is entered because it cannot be repeated. It is likewise stated that by a note on the margin of the said notice it was stated that it was entered in favor of the American Colonial Bank of Porto Rico for the legal period."

Ten days thereafter, or on October 18, 1919, the bank filed in this court a brief accompanied by all of the documents formerly presented in the registry of property, praying for a reversal of the decision of the Registrar of Property of Caguas of October 8 and that record of the agricultural loan contract in the registry be ordered without any defect.

The registrar then filed a motion on October 28 that the appeal be dismissed because the first decision of September 12, 1919, had been consented to, inasmuch as the second defect had not been corrected.

First of all, let us consider whether the appeal should be dismissed according to the motion of the registrar.

The decision of September 12, 1919, was not consented to by the American Colonial Bank of Porto Rico on any of its grounds, for it was given notice thereof on September 18 and five days later, or on September 23, while the bank could yet appeal it petitioned for the conversion of the cautionary notice into a final record, thus interrupting the period of 20 days allowed for an appeal by section 1 of the Act of March 1, 1902, providing for appeals against the decisions of registrars of property.

The registrar of Caguas could either grant or deny the petition of the bank and in the first event the appeal would have been unnecessary. But as he denied the petition by

the decision of October 8, 1919, communicated to the bank on the same day, the time within which to appeal which, as we have said, had been interrupted on September 23, began to run again on the date first mentioned.

We see then that five days had elapsed since notice of the decision of September 12, 1919, was given on September 18, until on September 23 the conversion of the cautionary notice into a final entry was asked for, and another ten days since notice of the decision of October 8, 1919, refusing to make the conversion was given on the same day, until the appeal was taken on October 18, making a total of fifteen days, which is less than the twenty days fixed by law in order that the decision of September 12, 1919, may be considered as consented to.

This court, therefore, has jurisdiction to pass upon the merits of the decision of September 12, 1919.

And this holding is not contrary to the jurisprudence laid down by this court in previous decisions and ratified in the case of *Behn* v. *Registrar of Property,* 21 P. R. R. 486, to the effect that when a document is presented in the registry of property for record and its admission to record is denied and the interested party fails to appeal therefrom within the legal period, his acquiescence therein is taken for granted and if said party presents the deed anew accompanied by other documents which, in his judgment, cure the defects assigned by the registrar, then, and in case the registrar insists in his denial, the interested party may appeal to this court; but in such appeal the court can only determine whether the defects assigned in the first decision acquiesced in were or were not properly cured.

In the *Behn Case* the decision of the registrar had been consented to when the document was again presented for record in the registry, but that fact is not present in this case in which the time allowed by law for taking the appeal had not expired when the conversion of the cautionary notice into a final record was asked for.

Let us examine the merits of the appeal, that is, whether the decision of September 12, 1919, is supported by its second ground, inasmuch as in his decision of October 8 the registrar admits that the defect which prevented the record of the agricultural loan contract was cured and only the second defect remained in effect, stating also that the cautionary notice was entered in favor of the American Colonial Bank of Porto Rico.

The seventh clause of the agricultural loan contract to which the registrar refers in his decision of September 12, 1919, is as follows:

"*Seventh.* Cándido Ramírez Muñoz and Ramón González Nieves personally bind themselves hereby jointly and severally and as a collateral security as debtors of the American Colonial Bank of Porto Rico in the sum of THREE THOUSAND FIVE HUNDRED DOLLARS and all interest that may accrue thereon until its total payment to the creditor bank, at the rate of nine per cent per annum; the purpose of this being that if due to any circumstance, in the event of breach of this contract, it should not suit the said bank to claim in court the recovery of its credit from the partnership Ramírez & González, it may exercise its rights directly against the properties of the said Cándido Ramírez Muñoz and Ramón González Nieves, or against the property of either of them separately, for the whole amount of the principal and the interest thereon, or for any part of it that the debtor partnership may not have paid."

That clause, as shown by its wording, does not create a lien on the properties that may belong to the conjugal partnership of the spouses Cándido Ramírez Muñoz and María Morell Santana. Clearly the registrar erroneously applied sections 159 and 1328 of the Civil Code.

The error that may have been committed in reducing to the metric system the number of acres of land of the principal property already recorded in the registry and of which the sugar-cane crop forms part, has nothing to do with the area of the said crop of sugar cane.

The decision of the Registrar of Property of Caguas of October 8, 1919, must be reversed as to the part appealed

from, ordering the record of the contract of agricultural loan of July 24, 1919, without any defect.

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment and in that part of the opinion which holds that the defects assigned by the registrar do not exist.